1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD L. KEMPER and
     CONNIE J. ARNOLD,
11
                 Plaintiffs,              No. CIV S-06-1630 MCE DAD (GGH)
12
            vs.
13
     CA. DEPT. OF TRANSPORTATION,         ORDER RE: SETTLEMENT PROCESS
14   CITY OF CITRUS HEIGHTS, COUNTY
     OF SACRAMENTO, SACRAMENTO
15   REGIONAL TRANSIT DISTRICT, and
     PARATRANSIT, INC.,
16
                 Defendants.
17   _____/

18          On October 30, 2009, the parties, by and through their counsel, engaged in a

19   settlement conference in the above referenced case.  After substantial discussion it appeared that

20   the parties were in different positions vis-a-vis plaintiff's claims, and all agreed to a three track

21   settlement process, i.e., one involving RT, the County of Sacramento, and the City of Citrus

22   Heights.  All agreed to the following process which showed promise for final settlement.

23          Plaintiff shall proffer in writing to RT no later than November 23, 2009, its

24   proposed resolution of what may be termed the non-construction transportation issues.  These

25   issues appeared to be relatively narrow in scope.  On or before December 11, 2009, RT shall

26   respond to the proffer in its own writing.  The writings are to be served on the undersigned.   The

                                          1

1  parties are encouraged to meet and confer prior to the submission of any proposals so as to allow

2  the written proposal to reflect as much agreement as possible.

3       At the conference much, if not total, agreement was found on the ADA

4  transitional plan already adopted by the County of Sacramento regarding public transportation

5  and disabled pedestrian travel to those transportation spots, as well as the adequacy of the

6  "platform" at which persons would enter and egress from the transportation.  The issues in this

7  case centered about the implementation of that plan.  After verbal meeting and conferring with

8  the County, plaintiff shall forward to the County a written proposed implementation agreement

9  setting forth the foundation for a proposed substantive agreement.  The proposal shall be

10 submitted no later than December 11, 2009.  The County shall work to resolve all issues, and

11 both the County and plaintiff shall submit to the undersigned a Joint Statement of Agreement and

12 Disputes (assuming any disputes remain to be resolved).  The Joint Statement shall be submitted

13 no later than January 11, 2010, and shall be served on the undersigned.

14      Part of the issues involving the City of Citrus Heights involved the creation of a

15 comprehensive and consolidated ADA transitional plan with respect to public transportation and

16 disabled pedestrian travel to transportation spots, as well as the adequacy of the "platform" at

17 which persons would enter and egress from the transportation.  Implementation of any final plan

18 was also at issue.  No later than December 11, 2009, the City shall submit to plaintiff its concept

19 for issuance of a ADA transportation transitional plan.  There may or may not be physical site

20 surveys to be performed afterwards as part of the provisions of a concept plan.  After meeting

21 and conferring, the parties shall submit on or before January 11, 2010, a Joint Statement of

22 Agreement and Disputes (assuming any disputes remain to be resolved) with respect to a concept

23 plan.  The Joint Statement shall be served on the undersigned.   The court foresees expeditious

24 work thereafter for the issuance of the final transportation transitional plan.

25      The undersigned reserves the issues of damages and attorneys' fees until after

26 receipt of the above referenced written documents.

1          The above dates are firm and will be extended only for extraordinary reasons.

2          The undersigned will forthwith schedule such other in-court conferences as

3   necessary after receipt of the above written statements.

4   Dated: November 13, 2009

5                                          /s/ Gregory G. Hollows
                                           _____
6                                          U.S. MAGISTRATE JUDGE

7   kemper1630.ord